IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division

Civil No. 5:16-cv-00630-FL

| | |
|---|---|
| THOMAS ALLAN STEBBINS,<br>         Plaintiff,<br>v.<br>TRANS UNION LLC,<br>         Defendant. | **STIPULATED PROTECTIVE ORDER** |

This Stipulated Protective Order is issued to facilitate the exchange of documents and information. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

1. Thomas Alan Stebbins ("Plaintiff") filed this lawsuit (the "Litigation") against Defendant Trans Union LLC ("Defendant"), alleging that Defendant is liable to Plaintiff for damages resulting from alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). In connection with the Litigation, Plaintiff has sought discovery or testimony regarding certain of Defendant's confidential and proprietary trade secrets and other business information (such as Defendant's confidential policies, procedures, and contracts) and Defendant has sought discovery or testimony regarding the personal and financial information of Plaintiff (collectively referred to as the "Confidential Information"). Plaintiff and Defendant maybe collectively referred to herein as "the Parties" or individually as a "Party." As a means of avoiding continued dispute with respect to any Parties' requests for Confidential Information, the Parties have

1

agreed to produce certain Confidential Information pursuant to the terms of this Order.

2. All Confidential Information shall only be utilized by the Parties in connection with the Litigation and in accordance with the terms and conditions of this Order.

3. The Parties shall have the right to designate as Confidential Information any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, trial or deposition testimony or other information that the Parties deem to be confidential. Any document, discovery, testimony, or other information that the Parties have designated as Confidential Information shall constitute Confidential Information, both in form and substance.

4. The Confidential Information provided by any of the Parties shall be used strictly in accordance with the terms in this Order. At no time shall the Confidential Information be disclosed to or used by any person, corporation, or entity in competition with or against any of the Parties.

5. The Parties may designate any document, discovery, or other information as Confidential Information by an appropriate marking that prominently displays the words "Confidential" or "Confidential Information". Deposition testimony can be designated by the Parties as Confidential Information. Such designation will be made on the record if possible, but the Parties can designate portions of such testimony as Confidential Information by providing written notice of such designation to the opposing Parties within thirty (30) days of receipt of the transcribed testimony by counsel. Until thirty

2

Case 5:16-cv-00630-FL   Document 16   Filed 12/08/16   Page 2 of 8

(30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as Confidential Information.

6. The Parties, their attorneys, or anyone else acting on their behalf shall take such precautions with the Confidential Information as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

7. Unless otherwise ordered by the Court, or agreed to in writing by the Parties, information designated by any of the Parties as Confidential Information shall not be revealed to any person or entity except:

(i) the Parties, their attorneys and their attorneys' support staff employees who perform work tasks related to this case;

(ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel;

(iii) expert witnesses and their staff employed for this litigation after such experts have signed the acknowledgment attached as Exhibit A;

(iv) present or former employees of the producing Party in connection with their depositions in this action, including witnesses produced pursuant to Fed. R. Civ. P. 30(b)(6);

(v) witnesses who are deposed in this action or who are called to testify as witnesses at any hearing in this action, but only in preparation for the deposition or hearing and only as to such material in which the witness is identified as an originator, author, addressee, or recipient of the original or a

3

copy;

(vi) outside professional vendors that provide litigation support services, such as photocopying, imaging, videotaping, exhibit preparation, etc. after such vendors have signed the acknowledgment attached as Exhibit A, and

(vii) the Court and Court personnel.

8. In the event the Parties intend to file Confidential Information with the Court, they shall file it under seal pursuant to the requirements of the Court for filing documents under seal. Each time a Party seeks to file under seal confidential documents, things, and/or information, said Party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said Party must set out such findings in a proposed order to seal for the court.

9. In the event that any Party disagrees with any designation made under this Order, the Parties shall first try in good faith to resolve the disagreement informally. If

the dispute cannot be resolved and the receiving Party concludes in good faith that the materials have been improperly classified, the receiving Party shall notify the designating Party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for fifteen (15) business days after such notice. The designating Party shall have the right to move the Court to retain the designated status of such materials. If the designating Party files such a motion within the fifteen (15) business day period, the receiving Party shall continue to retain the materials as CONFIDENTIAL, consistent with the designating Party's designation, until the Court has ruled on the designating Party's motion.

10. This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence. The procedures to govern the use and disclosure of Confidential Information at trial shall be subject to a further order of the Court.

11. Nothing herein shall be construed as limiting a Party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of such information as Confidential Information. Any of the Parties can remove their designation of Confidential Information from any information it has previously so designated.

12. The Parties cannot use or disclose any Confidential Information in any pretrial court proceeding that is open to persons not authorized to have access to such Confidential Information under the terms of this Order. This provision does not limit the

5

right of any of the Parties to file any Confidential Information under seal as described above or submit any Confidential Information in camera to the Court.

13. Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing the Parties with written notice that they intend to comply with and be bound by the terms of this Protective Order.

14. Within sixty (60) days after the final resolution of the Litigation, including any appellate proceeding, the Parties agree to return to opposing counsel, or destroy, the original and any copies of any Confidential Information produced.

SO ORDERED, this __8th____ day of December, 2016.

*/s/ Louise W. Flanagan*

**LOUISE WOOD FLANAGAN**
UNITED STATES DISTRICT JUDGE

6

**AGREED:**

/s/ Asa Edwards, IV | /s/ Joseph W. Williford

**EDWARD H. MAGINNIS**
N.C. Bar No. 39317
**ASA COVINGTON EDWARDS, IV**
N.C. Bar No. 46000
**MAGINNIS LAW, PLLC**
4801 Glenwood Ave, Suite 310
Raleigh, NC 27612
Telephone: (919) 526-0450
Facsimile: (919) 882-8763
emiginnis@maginnislaw.com
aedwards@maginnislaw.com
**Counsel for Plaintiff**

**JOSEPH W. WILLIFORD**
N.C. Bar No. 10111
**KELLY STREET BROWN**
N.C. Bar No. 37829
**YOUNG MOORE & HENDERSON, P.A.**
Post Office Box 31627
Raleigh, North Carolina 27622
Telephone: (919) 861-5032
Facsimile: (919) 782-6753
jww@youngmoorelaw.com
ksb@youngmoorelaw.com
**Local Civil Rule 83.1 Counsel for Defendant TransUnion LLC**
and
**PAUL L. MYERS**
TX Bar No. 14765100
**STRASBURGER & PRICE, LLP**
2600 Dallas Parkway, Suite 600
Frisco, TX 75034
Telephone: (469) 287-3903
Facsimile: (469) 227-6567
paul.myers@strasburger.com
**Counsel for Defendant Trans Union LLC**

7

# **EXHIBIT A**

The undersigned has read and understands the terms of the Agreed Protective/Confidentiality Order effective in this case, *Thomas Allan Stebbins v. Trans Union LLC*, Civil Action No. 5:16-cv-00630-FL, which is currently pending in the United States District Court for the Eastern District of North Carolina, Western Division. The undersigned agrees (i) to abide by the terms of the Agreed Protective/Confidentiality Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Agreed Protective/Confidentiality Order, including Confidential Information, except as permitted by the terms of the Agreed Protective/Confidentiality Order; and (iii) to submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division for resolution of any issues arising under the Agreed Protective/Confidentiality Order.

Dated: _____     Signed: _____

                                                                                  Printed: _____